**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JUSTIN MICHAEL ANTONE,

        Defendant - Appellant.

No. 09-10174

D.C. No. 4:07-cr-02025-FRZ-GEE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted April 12, 2010[**]
San Francisco, California

Before: NOONAN and CALLAHAN, Circuit Judges, and MARTINEZ, District
Judge.[***]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Ricardo S. Martinez, United States District Judge for
the Western District of Washington, sitting by designation.

Justin Michael Antone ("Antone") appeals the sentence imposed following his jury conviction of three counts of sexual abuse of a minor in violation of 18 U.S.C. §§ 2243(a), 2246(C), and 1153(a).  On April 21, 2009, Antone was sentenced to 84 months for each count, served concurrently, followed by lifetime supervised release.  He contends that the district court erred in calculating the applicable advisory Sentencing Guidelines range.[1]  We review the district court's interpretation of the Sentencing Guidelines de novo, application of the Guidelines to the facts for abuse of discretion, and factual findings for clear error.  *United States v. Loew*, 593 F.3d 1136, 1139 (9th Cir. 2010).  We affirm.

First, the district court did not err by failing to group the offenses of conviction pursuant to U.S.S.G. § 3D1.2.  Antone's offenses are explicitly excluded from grouping under Subsection 3D1.2(d).  Grouping would be inappropriate under Subsection 3D1.2(b), because Antone's three offenses against the victim occurred on separate dates and involved "multiple, separate instances of fear and risk of harm" rather than "one composite harm."  *See* U.S.S.G. § 3D1.2 n.4.

---

[1]Antone does not dispute that the district court was correct to rely on the 2008 version of the Sentencing Guidelines.

Second, the district court did not err in applying a four-level increase pursuant to U.S.S.G. § 2A3.2(b)(2)(ii) for "unduly influenc[ing] the minor to engage in prohibited sexual conduct." The application note provides for a rebuttable presumption of undue influence when a participant in the sexual activity is at least ten years older than the minor. *See* U.S.S.G. § 2.A3.2 n.3(B). Because Antone was twenty-nine years older than the victim, this presumption applies. In addition to the age difference, the district judge also cited the following facts supporting his conclusion that the enhancement was warranted: first, Antone was related to the victim; and second, the victim was "in a situation that led to the defendant being able to exert undue influence over her based on the fact that she was in his home at the behest of her mother asking for basically the basic necessities of life." These factual findings have ample support in the record. Antone, the victim, and the victim's mother testified that the victim and her family would ask Antone for food, use of the phone, or for transportation. Antone's arguments are insufficient to rebut the presumption of undue influence.

Finally, the district court did not err in applying a five-level increase pursuant to U.S.S.G. § 4B1.5(b) for a "pattern of activity of prohibited sexual conduct." The application note provides that "[f]or purposes of subsection (b), the defendant engaged in a pattern of activity involving prohibited sexual conduct if on

3

at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." *Id*. at n.4(B)(i). An occasion of prohibited sexual conduct may be considered for Subsection (b) regardless of whether it occurred "during the course of the instant offense." *Id.* at n.4(B)(ii). The district court found that there was "no question" that Antone engaged in a pattern of activity involving sexual conduct with the victim and admitted to the acts for which he was convicted. This finding is supported by the record. Antone's arguments as to why the enhancement should not apply are without merit.

**AFFIRMED.**